JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL RICHARD HATHAWAY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:20-cv-02657-JVS (JDE)<br><br>ORDER DENYING "REQUEST FOR FINAL DISPOSITION OF WARRANTS, DETAINERS, INFORMATION UNDER THE TITLE 18 U.S.C. §§ 3161" AND DISMISSING ACTION |

## I.

## INTRODUCTION

On March 20, 2020, Michael Richard Hathaway ("Petitioner"), a federal inmate at the federal Metropolitan Detention Center in Los Angeles, California, instituted a proceeding in this Court by filing a document titled "Request for Final Disposition of Warrants, Detainers, Information under the Title 18 U.S.C. §§ 3161" (Dkt. 1, "Request"), asking this Court to enter "a final Disposition" in "Case. No. LAX8AR2370901," apparently a California state prosecution (the "State Prosecution"). Request at 1.

Petitioner asserts he "elects to [w]aive his rights" in the State Prosecution and asks that "any sentence(s), disposition, or orders entered in absentia should

be resolved with concurrent and conterminous sentence(s) concurrently being served, with credit for all time since the warrant or detainer was placed." Request at 2. He contends that the outstanding charges in the State Prosecution are "affecting the terms and conditions of his confinement, which produce uncertainties which obstruct programs of [his] treatment, rehabilitation, and/or classification purposes." Id. at 1. Petitioner bases his Request on 18 U.S.C. § 3161, Smith v. Hooey, 393 U.S. 374 (1969), Gannon v. Scarpelli, 411 U.S. 778 (1978), and Morrissey v. Brewer, 408 U.S. 471 (1972) and contends "the United States has a Constitutional duty to make a diligent, good faith effort to bring a prisoner serving a term in another state to trial. Id. at 1-2.

Petitioner attaches: (1) a "California Penal Code Section 1381.5 Demand for Speedy Resolution of Pending Charges by Federal Inmate," referencing the State Prosecution, requesting a "speedy resolution" of "Removal or Warrant/Detainer" stemming from charges in Los Angeles County; (2) an "IAD Place of Imprisonment" form directed to "Prosecuting Office" of "Superior Court" for Los Angeles County referencing the Interstate Agreement on Detainers; and (3) a "Detainer Action Letter" from the Federal Bureau of Prisons ("BOP") directed to the Santa Monica Police Department referencing the State Prosecution, noting the receipt of a "misdemeanor bench warrant" and detainer filed against Petitioner, and noting his tentative release date from BOP custody as April 12, 2020. Request at 4-6.

As explained below, as this Court lacks jurisdiction and cannot provide the relief Petitioner seeks, the Request is denied, and this matter is dismissed.

## II.
## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511

U.S. 375, 377 (1994)). A district court's "power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." United States v. Denedo, 556 U.S. 904, 911 (2009).

"The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]' " Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

"If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). Further, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Federal Habeas Rules"), "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). A "Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Rule of Court 72-3.2.

In addition, in Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982), the Supreme Court held that absent extraordinary circumstances not present here, a federal court should abstain from hearing a suit under Younger v. Harris, 401 U.S. 37 (1971) if deciding the merits of the suit would interfere with a state proceeding that: (1) is ongoing, (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal questions. Middlesex, 457 U.S. at 432; see also Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc) (recognizing implied fourth requirement that the federal court action would "enjoin the proceeding, or have the practical effect of doing so"). In Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 73 (2013), the Supreme Court clarified that the Younger abstention doctrine only applies to certain "exceptional" classes of cases, including state criminal prosecutions.

Here, Petitioner, who names the United States as the sole respondent, asks this Court to accept his "[w]aive[r of] his rights" and enter "a final Disposition of the [State Prosecution] in absentia." Request at 1. His request fails for several reasons.

First this Court lacks jurisdiction to accept a waiver and enter a "disposition" in a pending state court criminal proceeding.

Second, even if such jurisdiction existed, the Court would abstain, under Younger, from interfering with ongoing state criminal proceedings, in which Petitioner has an adequate opportunity to raise any alleged Sixth Amendment Speedy Trial Clause violations or state speedy trial remedies.

Third, to the extent Petitioner seeks relief under the Interstate Agreement on Detainers (18 U.S.C. App'x 2, "IAD"), the Request substantively fails. The IAD requires a state, who has lodged a detainer for untried criminal charges against a person in custody of the United States or another state, to bring the

person to trial within 180 after the person delivers, among other things, a request for a final determination of the action. Id., Art. III(a). When a prisoner makes a request under Article III(a), the official having his custody must notify the appropriate state prosecuting officers and courts of the prisoner's request. Id., Art. III(d). Here, Petitioner made his IAD request on March 2, 2020. See Request at 5. Assuming Petitioner's request meets the requirements of the IAD, absent a "reasonable continuance" based on "good cause" (Art. III(a)), the State of California must bring him to trial on the State Prosecution by August 31, 2020. Thus, any such prosecution is not currently untimely under the IAD. Further, the appropriate venue for Petitioner to raise the issue in the first instance would be in the prosecuting court, not this Court.

None of the authority cited by Petitioner changes the foregoing analysis. First, Petitioner's reliance on the federal Speedy Trial Act, 18 U.S.C. § 3161 is misplaced. Although 18 U.S.C. § 3161(j) contains procedures for instances when a person facing federal charges is in custody another jurisdiction, the substance of the federal Speedy Trial Act does not apply to state court proceedings. See Ross v. Stewart, 32 F. App'x 227, 230 (9th Cir. 2020) (unpublished). Second, in Smith v. Hooey, 393 U.S. 374, 382-83 (1969), the Supreme Court held that the charging state had "a constitutional duty to make a diligent, good-faith effort to bring" a person facing state charges to trial in state court and ordered the case remanded the case to state court. It did not hold that a federal district court had an independent duty, or jurisdiction, to oversee, in the first instance, a claim that a state court had not acted with such diligence seeking a detainee's presence for trial. Third, the Supreme Court in Gannon v. Scarpelli, 411 U.S. 778 (1978) and Morrissey v. Brewer, 408 U.S. 471 (1972) addressed the due process requirements for probation and parole revocation proceedings, issues which are not relevant to Petitioner's Request.

Here, for the reasons set forth above, the Court lacks subject matter jurisdiction over the Request and, even if such jurisdiction exited, Petitioner is not entitled to the relief he seeks.

## IV.
## ORDER

Therefore, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, Rule 4 of the Federal Habeas Rules, and Local Rule of Court 72-3.2,

IT IS HEREBY ORDERED that: (1) Petitioner's Request (Dkt. 1) is DENIED without prejudice to Petitioner seeking relief in state court; and (2) this matter is dismissed.

Dated: March 31, 2020

_____
JAMES V. SELNA
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge